# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 6, 2022

Lyle W. Cayce
Clerk

No. 21-40604
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAVIER DORIA-HERNANDEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:21-CR-685-1

Before BARKSDALE, WILLETT, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Javier Doria-Hernandez pleaded guilty, without a plea agreement, to being found in the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b). The district court sentenced him to, *inter alia*, an above-

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40604

Sentencing Guidelines term of 40-months' imprisonment. Doria claims his sentence is substantively unreasonable.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, as in this instance, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Doria fails to show that the court: did not account for a factor that should have received significant weight; gave significant weight to an improper factor; or made a clear error in balancing the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (explaining factors for substantively-unreasonable sentence). The court reviewed and adopted the presentence investigation report, considered Doria's mitigating contentions, and concluded that an above-Guidelines sentence was appropriate because Doria's Guidelines sentencing range substantially underrepresented his serious criminal history. His assertion that the court should have weighed the sentencing factors "differently is not a sufficient ground for reversal". *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016).

AFFIRMED.

2